LEWISTON TRUST COMPANY *vs*. GEORGE W. COBB.

Androscoggin.   Opinion October 3, 1916.

*Damages recoverable under Chapter 114, Section 77.   Chapter 114, Section 77 as a penal or remedial statute.   Exceptions to rulings where excepting party is not aggrieved by ruling.*

This is an action on the case, in which the plaintiff as the creditor of A. seeks to recover, under the provisions of R. S. chap. 114, sect. 77, damages for knowingly aiding and assisting A. in a fraudulent transfer of real estate.   The verdict was for defendant, and the case comes before the law court upon plaintiff's exceptions and motion for new trial.

Where the trial Judge gives instructions more favorable to a party than the law permits, he is not aggrieved and is not entitled to exceptions.

Where the trial Judge gives instructions more favorable to a party than he is entitled to ask, exceptions to such instructions will not be sustained, although the court erred in its characterization of the statute under which the action is brought, no exceptions being taken to such characterization.

While a statute may be remedial and not penal, such statute may have penal characteristics and it is not error to so state.

In the determination of values, as of other issues, it is not the number of witnesses which is to be regarded by the jury, but the weight of the evidence.

Action on the case brought under chapter 114, section 77, Revised Statutes of Maine, to recover damages for aiding in a conveyance in fraud of creditors.   Defendant filed general issue and brief statement.   Verdict for defendant.   Plaintiff filed motion for new trial and also exceptions to certain instructions of court.   Exceptions and motion overruled.

Case stated in opinion.

*Oakes, Pulsifer & Ludden,* for plaintiff.
*Tascus Atwood,* for defendant.

SITTING:   CORNISH,  KING,  BIRD,  HALEY,  PHILBROOK,  MADIGAN,
JJ.

BIRD, J.   In this action of the case, the plaintiff, as the creditor
of one Fred A. Prescott, seeks to recover under the provisions of
R. S., c. 114, § 77, damages from the defendant for knowingly aid-
ing and assisting said Prescott in a fraudulent transfer of his
property, a farm in Durham.   The verdict of the jury was in favor
of defendant and the plaintiff brings the case to this court upon
exceptions and the usual motion for new trial.

From the bill of exceptions it appears that "the evidence tended
to show that on the fifteenth day of July, 1915, the said Prescott
being then indebted to the plaintiff on three notes amounting in all
to seven hundred and sixty-three dollars and fifty cents, and being
also indebted to other creditors, and being insolvent and unable to
pay his creditors in full, conveyed the premises in question to the
defendant; that at the time he was indebted to the defendant upon
two notes; one for the sum of six hundred dollars, dated July 29,
1909, with interest, on which one hundred dollars had been paid on
the principal May 10, 1913, and one for one hundred and fifty
dollars dated November 20, 1913, payable in one month, with inter-
est at the rate of 5% monthly until paid, both secured by mort-
gages of the premises claimed to be fraudulently conveyed, of even
date with said notes, respectively, the mortgage of November 20,
1913, being placed on record March first, 1915; that at the time of
the conveyance there was due on the two notes the sum of eight
hundred and twenty-eight dollars and in addition the amount of
the taxes for two years, about fifty dollars.   No consideration was
paid at the time of the transfer, and the defendant claimed that
the only purpose of the transaction was to avoid the necessity of a
foreclosure to secure payment of his mortgages and that the prop-
erty was not more than sufficient to fairly cover these mortgages.
The plaintiff claimed that the property was worth from fifteen to
eighteen hundred dollars, and the defendant claimed that it was
not worth more than nine hundred dollars.

"Evidence was introduced on one side and the other in support of these claims as to value by testimony of witnesses ·acquainted with the property and giving their opinions. With respect to the verdict which the jury would be required to render in case they found for the plaintiff, the court gave the following instructions.

" 'Now the statute does not leave the question of damages for the fraud to be settled according to the judgment of the jury or court, but expressly determines what the damages shall be; and that is in the last clause of the section. Such a person, aiding a debtor in the fraudulent transfer, is liable to any creditor suing therefor in double the amount of the property so fraudulently transferred or conveyed, but not exceeding double the amount of the creditor's demand. In this case, upon the figures given in evidence, the limit would be double the creditor's demand, because upon either value, the value asserted to be the correct one by the plaintiff, or by the defendant, would be more than double the creditor's demand. So that in this case, if the defendant is liable, he would be liable for double the amount of these notes, and interest to the date of the writ, for that, I think, is the day when the time must be fixed.' "

To this instruction exceptions were allowed. In support of the exceptions the plaintiff contends that the correct rule of damages to be double the value of the equity of redemption and not double the amount of the notes and interest. The rule given by the court was, the plaintiff admits, more favorable to him than the rule which he now urges to be correct. Such being the case, he is not aggrieved. *Hotchkiss* v. *Coal & Iron Co.,* 108 Maine, 34, 56; *Staples* v. *Wellington,* 58 Maine, 453, 458; *Lime Rock Bank* v. *Hewett,* 52 Maine, 531, 532. But plaintiff claims that in view of the characterization, earlier in the charge, of the statute under which the action is brought as "penal in its character" the instruction, to which exceptions were taken, were prejudicial to him. It is true that that statute has been held to be remedial and not penal; *Quimby* v. *Porter,* 20 Maine, 218, 221; *Frohock* v. *Pattee,* 38 Maine, 103, 107; *Platt* v. *Jones,* 59 Maine, 232, 244; and remedial is commonly used to contra-distinguish statutes to which the term is applied from penal statutes. But we think remedial statutes while not technically penal may have penal characteristics. This is

recognized in *Fogg* v. *Lawry,* 71 Maine, 215, where Walton, J., speaking for the court regarding the same statute says: "The statute though technically a remedial one, is penal in its character, and must be strictly construed. It must not be so construed as to impose a greater penalty than the plain meaning of its terms requires." The expression of the presiding Justice would seem to be justified. The plaintiff however, made no objection and took no exceptions to its use. The exceptions must be overruled.

On the motion for new trial, we find no reason to disturb the verdict. We think there was evidence upon which, if believed by the jury, the verdict can be sustained. It is true, as urged, by plaintiff that upon the question of value the witnesses for plaintiff outnumbered those of defendant three to one. Yet one-half in number of the witnesses of plaintiff were interested as agents or employees of plaintiff and the others had limited acquaintance with real estate in the town of Durham. On the other hand the defendant, an interested witness and a witness, wholly disinterested who had been a resident of the town for more than a generation fixed the value at a much less sum. The weight of the evidence was for the jury.

*Exceptions overruled.*
*Motion overruled.*